IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| HYUNDAI MOBIS, CO., LTD., MOBIS | § | |
| AMERICA, INC., MOBIS PARTS AMERICA, | § | |
| LLC, MOBIS PARTS DETROIT, LLC, | § | |
| and MOBIS ALABAMA, LLC, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT, DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

For its complaint, ExxonMobil Oil Corporation, appearing through the undersigned counsel, alleges as follows based on present knowledge, information and belief:

### PARTIES

1.       ExxonMobil Oil Corporation ("Mobil") is a New York corporation having its principal place of business at 5959 Las Colinas Boulevard, Irving, TX 75039.

2.       Defendant Hyundai Mobis, Co. Ltd. ("Hyundai Mobis") is a Korean corporation with a business address of 140-2, Gye-Dong, Jongro-Gu, Seoul, Republic of Korea.

3.       Defendant Mobis America, Inc. ("Mobis America") is a Delaware corporation with a business address 2821 Eastern Blvd., Suite 100, Montgomery, AL 36109.

4.       Defendant Mobis Parts America, LLC ("Mobis Parts") is a Delaware limited liability company with a business address 10805 NW 100th Street, Suite 11, Miami, FL 33131.

5.       Defendant Mobis Parts Detroit, LLC ("Mobis Detroit") is a Delaware limited liability company with a business address 32000 Northwestern Hwy., Suite 260, Farmington Hills, MI 48334.

6.    Defendant Mobis Alabama, LLC ("Mobis Alabama") is a Delaware limited liability company with a business address 2821 Eastern Blvd., Suite 100, Montgomery, AL 36109.

7.    On information and belief Mobis America, Mobis Parts, Mobis Detroit, and Mobis Alabama are all owned and controlled by Hyundai Mobis, and Hyundai Mobis caused each of these other defendants to be formed in the state of Delaware.  The defendants are hereinafter collectively referred to as "Mobis" or "Defendants."

<u>**NATURE OF ACTION AND JURISDICTION**</u>

8.    This is an action for trademark and service mark infringement, dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of Delaware.

9.    This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Mobil's claims under Delaware law under 28 U.S.C. § 1367(a).

10.    The matter in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  Therefore, this Court also has jurisdiction over this action under 28 U.S.C. § 1332.

<u>**FACTS**</u>

A.    <u>**Mobil and Its Marks**</u>

11.    Mobil, along with its predecessors and affiliates, has for many years been a leading source of petroleum and chemical products and services, including automotive products and services, worldwide.  In the United States alone, Mobil sells millions of gallons of fuels, lubricants, and specialty petroleum products per day under its famous mark MOBIL.  The mark MOBIL is prominently displayed at thousands of gasoline stations nationwide.

2

12.     Since at least the 1930s, Mobil, its affiliated companies, and its independent dealers and distributors have used the mark MOBIL in connection with retail gasoline service stations.

13.     Since at least the 1960s, Mobil has presented its mark MOBIL in a distinctive logo (the "MOBIL logo"), with blue lettering for all letters except the "o," which is presented in red, usually set against a white background as follows:



14.     Mobil has also long used other marks that include the mark MOBIL in connection with its business.  For example, Mobil's famous MOBIL TRAVEL GUIDE has been a leading guide for motorists and other consumers for more than forty years, and features the MOBIL logo. Another example is Mobil's MOBIL 1 motor oil, the world's leading synthetic motor oil.

15.     The mark MOBIL, the MOBIL logo, and the other marks including MOBIL (collectively the "MOBIL Marks") are inherently distinctive, serving to identify and indicate the source of Mobil's goods and services to the consuming public, and to distinguish its goods and services from those of others.

16.     Additionally, as a result of Mobil's extensive usage and promotion of the MOBIL Marks, the marks have become distinctive to designate Mobil and its products and services, and are well-known and widely recognized by consumers.  Mobil has developed great and valuable goodwill in the MOBIL Marks.  Consumers know and respect these marks as symbols of Mobil's commitment to quality, value, and convenience.

17.     In addition to its extensive common-law rights, Mobil owns numerous trademark registrations for its MOBIL Marks, including the following examples in the United States:

| MARK | REG. NO. | REG. DATE | GOODS/SERVICES |
|---|---|---|---|
| MOBIL | 337,002 | July 28, 1936 | Lubricating oils and greases (Class 4). |
| MOBIL | 363,312 | Dec. 20, 1938 | Lubricating oils and greases, and for petroleum fuel distillates, in the nature of gasoline, diesel-engine fuel, furnace oils and the like (Class 4). |
| **Mobil** [lined for the colors red ("o") and blue (remaining letters)] | 1,015,027 | July 8, 1975 | Antifreeze and coolants; automatic transmission fluid (Class 1); circulating oil; engine oil; gasoline; greases, lubricating oil; machinery oil; metal processing oil; motor oil; penetrating oil (Class 4). |
| MOBIL | 1,020,511 | Sep. 16, 1975 | Travel guides, travel maps and periodicals-namely, house organs issued quarterly and monthly (Class 16). |
| MOBIL | 1,046,513 | Aug. 17, 1976 | Automotive service station services (Class 37). |
| **Mobil** [lined for the colors red ("o") and blue (remaining letters)] | 1,049,824 | Oct. 5, 1976 | Automotive service station services including car wash services and emergency road services (Class 37). |
| **Mobil 1** [lined for the colors red ("o") and blue (remaining letters)] | 1,053,493 | Nov. 30, 1976 | Synthesized engine lubricant (Class 4). |
| MOBIL TRAVEL GUIDE | 1,491,099 | June 7, 1988 | Annually published books containing quality ratings of lodgings and restaurants (Class 16). |
| **Mobil 1** [lined for the colors red ("o") and blue (remaining letters)] | 2,133,386 | Jan. 27, 1998 | High performance oil filters for motors and engines (Class 7). |

4

Each of these registrations is valid, subsisting, and in full force and effect. Copies of these registrations are attached as Exhibit A.

18.     MOBIL stations are among the most widespread and recognizable gasoline stations in the United States. There are thousands of MOBIL branded gasoline retail service stations in the United States, with billions of dollars in sales per year.

19.     Over the years, Mobil and its predecessors have invested considerable effort and resources promoting the MOBIL Marks and stations and spent many millions of dollars advertising them.

20.     The MOBIL Marks are famous.

21.     Since at least as early as 1996, Mobil's famous marks MOBIL, MOBIL 1, and the MOBIL logo have been used on engine oil filters.

**B.     Defendants and Their Unauthorized Activities**

22.     Long after Mobil had used and registered its MOBIL Marks and those marks had become famous, Mobis began using the mark MOBIS in the United States.

23.     Mobis operates various automotive businesses under the mark MOBIS and variations of that mark, including MOBIS AMERICA, MOBIS PARTS AMERICA, MOBIS PARTS DETROIT, and MOBIS ALABAMA. Mobis uses the mark MOBIS in connection with the manufacture and sale in commerce of automobile parts and assemblies.

24.     On October 25, 2000, Hyundai Mobis, through its predecessor, filed an application to register the mark MOBIS under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051. Based on this application, Registrant obtained Registration No. 2698373 (the "Registration"), issued on March 18, 2003, for the mark MOBIS. As amended, the Registration covers "structural parts for automobiles, trucks, sport utility vehicles, vans, and buses; automobile accessories, namely, luggage carriers for automobiles, automobile anti-theft alarms, and automobile sunshades and window sun-blinds," in

5

International Class 12. Mobil has filed Cancellation No. 92046493 in the United States Patent and Trademark Office ("USPTO") to cancel this registration.

25.     On December 3, 2003, Hyundai Mobis, thorough its predecessor, filed Application Serial No. 76/563,034 in the USPTO to register the mark MOBIS for numerous automotive and related goods. Those goods include "engine oil filters for mechanical purposes"; "spark plugs for automobile motors"; "mechanical engine parts for land vehicles"; "leak and filling level detectors and electronic detectors for analyzing system performance and testing integrity of structural parts for automobiles"; "electric lamps and lighting components and instruments and parts for motor vehicles"; and "structural parts for automobiles" in International Classes 7, 9, 11, and 12, to name just a few. Mobil timely opposed this application in the USPTO (Opposition No. 91173265).

26.     Mobis consistently presents its mark MOBIS with the "o" set off from the rest of the mark in the color red, like the famous MOBIL logo. On www.mobisusa.com, a web site that on information and belief is owned and controlled by Hyundai Mobis or another related company, Mobis even presents its mark MOBIS in the identical color scheme as the MOBIL logo, i.e, presenting the mark with blue lettering for all letters except the "o," which is set off in red, all against a white background, as follows:



27.     Similarly, a specimen that Hyundai Mobis submitted to the USPTO showing its use of the mark MOBIS in the United States featured the mark MOBIS using the same red, white, and blue colors as the MOBIL logo, i.e, presenting the mark with white lettering for all letters except the "o," which is set off in red, all against a blue background, as follows:



28.     Mobis' mark MOBIS is confusingly similar to Mobil's MOBIL Marks.  The marks are identical except for the final letter, and the goods and services offered under the mark MOBIS (and for which Mobis has applied to register that mark) are similar or related to the automotive products and services Mobil offers under its MOBIL Marks.  Additionally, Mobil's MOBIL Marks are of sufficient fame and reputation among consumers that when the mark MOBIS is used in connection with Mobis' goods and services, a connection with Mobil would be presumed by consumers.  This is especially true when Mobis uses the mark MOBIS with a red "o" as in the MOBIL logo.

29.     Mobil has not authorized Mobis to use the MOBIL Marks or any mark confusingly similar to the MOBIL marks.

30.     Mobis has set out on a deliberate course of conduct to deceive consumers into believing that its products and services are connected or affiliated with Mobil, to trade on

7

Mobil's enormous goodwill, and to injure Mobil. Mobis seeks to accomplish these goals by intentionally imitating the distinctive MOBIL mark and logo and using in commerce such a confusingly similar trademark.

**C.**     **Effect of Mobis' Activities on Mobil and the Consuming Public**

31.     Mobis' unauthorized use of the mark MOBIS is likely to cause confusion, to cause mistake, and to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Mobis or its business with Mobil, or as to the origin, sponsorship, or approval of the goods and services offered by Mobis.

32.     Mobis' unauthorized use of its confusingly similar mark MOBIS falsely indicates to purchasers that Mobis, its business, or its goods or services originate with Mobil, or are affiliated, connected, or associated with Mobil, or are sponsored, endorsed, or approved by Mobil, or are in some manner related to Mobil and its goods or services.

33.     Mobis' unauthorized use of its confusingly similar mark MOBIS falsely designates the origin of Mobis' goods or services, and falsely or misleadingly describes and represents facts with respect to Mobis and its goods or services.

34.     Mobis' unauthorized use of its confusingly similar mark MOBIS enables it to trade on and receive the benefit and goodwill built up at great labor and expense over many years by Mobil, and to gain acceptance for its MOBIS business, goods, and services not solely on their own merits, but on the reputation and goodwill of Mobil and its marks, goods, and services.

35.     Mobis' unauthorized use of its confusingly similar mark MOBIS enables it to palm off its goods and services on the unsuspecting public as those of Mobil.

36.     Mobis' unauthorized use of its confusingly similar mark MOBIS removes from Mobil the ability to control the nature and quality of goods and services provided under the

MOBIL mark, and places the valuable reputation and goodwill of Mobil in the hands of Mobis, over whom Mobil has no control.

37.     Mobis' unauthorized use of its confusingly similar mark MOBIS is likely to cause dilution of Mobil's famous MOBIL Marks.

38.     Unless these acts of unfair competition by Mobis are restrained by this Court, they will continue, and will continue to cause irreparable injury to Mobil and to the public, for which there is no adequate remedy at law.

**D.      Willful Nature of Mobis' Activities**

39.     Mobis' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Mobil's rights.  In view of the egregious nature of Mobis' use of its mark MOBIS, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT I:  INFRINGEMENT OF REGISTERED MARKS

40.     Mobil repeats the allegations above as if fully set forth herein.

41.     The acts of Mobis complained of herein constitute infringement of Mobil's registered MOBIL Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II: FEDERAL TRADEMARK DILUTION

42.     Mobil repeats the allegations above as if fully set forth herein.

43.     The acts of Mobis complained of herein constitute dilution of Mobil's famous MOBIL Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44.     Mobis willfully intended to trade on Mobil's reputation and to cause such dilution.

9

### COUNT III:  VIOLATION OF LANHAM ACT SECTION 43(a)

45.     Mobil repeats the allegations above as if fully set forth herein.

46.     The acts of Mobis complained of herein constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IV:  UNJUST ENRICHMENT

47.     Mobil repeats the allegations above as if fully set forth herein.

48.     The acts of Mobis complained of herein constitute unjust enrichment of Mobis at Mobil's expense.

### COUNT V:  TRADEMARK DILUTION UNDER DELAWARE LAW

49.     Mobil repeats the allegations above as if fully set forth herein.

50.     The acts of Mobis complained of herein constitute trademark dilution in violation of the Delaware anti-dilution statute, 6 Del. C. § 3313.

### COUNT VI:  UNFAIR COMPETITION UNDER DELAWARE COMMON LAW

51.     Mobil repeats the allegations above as if fully set forth herein.

52.     The acts of Mobis complained of herein constitute trademark infringement and unfair competition in violation of the common law of Delaware.

### COUNT VII: CANCELLATION OF FEDERAL TRADEMARK REGISTRATION AND REFUSAL OF APPLICATION FOR REGISTRATION

53.     Mobil repeats the allegations above as if fully set forth herein.

54.     This Court has the power under 15 U.S.C. § 1119 to cancel Hyundai Mobis' registration of the mark MOBIS and the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Hyundai Mobis' right to registration of the mark MOBIS.

55. Hyundai Mobis' mark MOBIS, the subject of Registration No. 2698373, so resembles Mobil's MOBIL Marks as to be likely to cause confusion, or to cause mistake, or to deceive, and to cause dilution of its famous MOBIL Marks, individually and collectively. Registration should therefore be cancelled under 15 U.S.C. § 1064.

56. Hyundai Mobis' mark MOBIS, the subject of Application Serial No. 76/563,034, so resembles Mobil's MOBIL Marks as to be likely to cause confusion, or to cause mistake, or to deceive, and to cause dilution of its famous MOBIL Marks, individually and collectively. Registration should therefore be refused under 15 U.S.C. § 1052.

WHEREFORE, Mobil requests that:

a) Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the mark MOBIS and any other mark that is confusingly similar to any of the MOBIL Marks or any other mark owned by Mobil;

b) Defendants be ordered to file with this Court and to serve upon Mobil, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

c) Mobil recover all damages it has sustained as a result of Mobis' infringement, dilution, and unfair competition, and that said damages be trebled;

11

d)      An accounting be directed to determine Defendants' profits resulting from their activities, and that such profits be paid over to Mobil, increased as the Court finds to be just under the circumstances of this case;

e)      The Court determine that Hyundai Mobis is not entitled to registration of its mark MOBIS, and enter an Order pursuant to 15 U.S.C. § 1119, certified to the United States Patent and Trademark Office, directing that U.S. Registration No. 2698373 be cancelled with prejudice and that U.S. Application Serial No. 76/563,034 be refused with prejudice;

f)      Mobil recover its reasonable attorney fees;

g)      Mobil recover its costs of this action and prejudgment and post-judgment interest; and

h)      Mobil recover such other relief as the Court may deem appropriate.


<table>
<tr><td></td><td>_/s/ William J. Wade_____</td></tr>
<tr><td>Of Counsel:</td><td>William J. Wade (#704)</td></tr>
<tr><td>Louis T. Pirkey</td><td>Gregory E. Stuhlman (4765)</td></tr>
<tr><td>William G. Barber</td><td>Richards, Layton & Finger, P.A.</td></tr>
<tr><td>Stephen P. Meleen</td><td>One Rodney Square</td></tr>
<tr><td>PIRKEY BARBER LLP</td><td>Wilmington, Delaware  19801</td></tr>
<tr><td>600 Congress Avenue, Suite 2120</td><td>(302) 651-7700</td></tr>
<tr><td>Austin, Texas  78701</td><td>(302) 651-7701 (fax)</td></tr>
<tr><td>(512) 322-5200</td><td>Attorneys for ExxonMobil Oil Corporation</td></tr>
</table>

Dated:  March 28, 2007

# Exhibit A

Registered July 28, 1936

Trade-Mark 337,002

# UNITED STATES PATENT OFFICE

Socony-Vacuum Oil Company, Incorporated,
New York, N. Y.

Act of February 20, 1905

Application February 28, 1936, Serial No. 375,354

# Mobil

## STATEMENT

*To the Commissioner of Patents:*

Socony-Vacuum Oil Company, Incorporated, a corporation duly organized and existing under the laws of the State of New York, located at New York, N. Y., and doing business at No. 26 Broadway, New York, N. Y., has adopted and used the trade-mark shown in the accompanying drawing, for LUBRICATING OILS AND GREASES, in Class 15, Oils and greases, and presents herewith five specimens of the trade-mark as actually used upon the goods by said Socony-Vacuum Oil Company, Incorporated, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in the business of applicant since June 15, 1934.

The mark is applied to the containers in which the goods are sold by lithographing.

The applicant is the owner of the trade-marks registered in the United States Patent Office as follows: No. 45,517 August 22, 1905, No. 129,237 January 27, 1920, No. 217,246 August 31, 1926, No. 226,707 April 19, 1927, No. 257,569 June 11, 1929, No. 318,999 November 13, 1934, No. 319,000 November 13, 1934, and No. 319,001 November 13, 1934.

The undersigned hereby appoints Farnum F. Dorsey, whose postal address is 26 Broadway, New York city, its attorney, to prosecute this application for registration, with full powers of substitution and revocation, and to make alterations and amendments therein, to receive the certificate, and to transact all business in the Patent Office connected therewith.

SOCONY-VACUUM OIL COMPANY,
INCORPORATED,

By H. F. SHEETS,
*Vice President.*

Registered Dec. 20, 1938                    Trade-Mark 363,312

# UNITED STATES PATENT OFFICE

Socony-Vacuum Oil Company, Incorporated, New York, N. Y.

Act of February 20, 1905

Application July 14, 1938, Serial No. 408,518

# MOBIL

## STATEMENT

*To the Commissioner of Patents:*

Socony-Vacuum Oil Company, Incorporated, a corporation duly organized and existing under the laws of the State of New York, located at New York, N. Y., and doing business at No. 26 Broadway, New York, N. Y., has adopted and used the trade-mark shown in the accompanying drawing, for LUBRICATING OILS AND GREASES, AND FOR PETROLEUM FUEL DISTILLATES, IN THE NATURE OF GASOLINE, DIESEL-ENGINE FUEL, FURNACE OILS AND THE LIKE, in Class 15, Oils and greases, and presents herewith five specimens of the trade-mark as actually used upon the goods by said Socony-Vacuum Oil Company, Incorporated, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905. The trade-mark has been continuously used and applied to said goods in the business of applicant since June 15, 1934, in connection with lubricating oils and greases and since April 23, 1938, in connection with petroleum fuel distillates.

The mark is applied to the containers in which the goods are sold by means of labels and by stenciling and printing upon the same.

The applicant is the owner of the trade-marks registered in the United States Patent Office as follows: No. 45,517, August 22, 1905, No. 129,237, January 27, 1920, No. 217,246, August 31, 1926, No. 226,707, April 19, 1927, No. 257,569, June 11, 1929, No. 318,999, November 13, 1934, No. 319,000, November 13, 1934, No. 319,001, November 13, 1934, No. 337,002, July 28, 1936, No. 342,330, January 12, 1937, No. 343,733, March 2, 1937, No. 347,044, June 15, 1937.

The undersigned hereby appoints Farnum F. Dorsey, whose postal address is 26 Broadway, New York city, its attorney, to prosecute this application for registration, with full power of substitution and revocation, and to make alterations and amendments therein to receive the certificate, and to transact all business in the Patent Office connected therewith.

SOCONY-VACUUM OIL COMPANY,
INCORPORATED,
By H. F. SHEETS,
*Vice President.*

Int. Cls.: 1, 4 and 16

Prior U.S. Cls.: 1, 2, 5, 6, 10, 15, 22, 23, 26, 29, 37, 38, 46 and 50

**United States Patent and Trademark Office**

Reg. No. 1,015,027

Registered July 8, 1975

10 Year Renewal

Renewal Term Begins July 8, 1995

## TRADEMARK
## PRINCIPAL REGISTER



MOBIL OIL CORPORATION (NEW YORK CORPORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 22037

OWNER OF U.S. REG. NOS. 335,409, 427,696 AND OTHERS.

THE DRAWING IS LINED FOR THE COLORS RED AND BLUE.

FOR: ANTIFREEZE AND COOLANTS; AUTOMATIC TRANSMISSION FLUID; [BRAKE FLUID; CORROSION INHIBITORS;] ENGINE OIL ADDITIVES [; GAS LINE ANTIFREEZE; MOTOR OIL ECONOMIZER]. IN CLASS 1 (U.S. CLS. 1, 5, 6, 10, 26 AND 46).

FIRST USE 6-30-1966; IN COMMERCE 6-30-1966.

FOR: CIRCULATING OIL; ENGINE OIL; GASOLINE; GREASES; LUBRICATING OIL; MACHINERY OIL; METAL PROCESSING OIL; MOTOR OIL; PENETRATING OIL [; RUBBER LUBRICANT; TOP CYLINDER LUBRICANT; TRANSMISSION SEALER AND CONDITIONER], IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

FIRST USE 6-30-1966; IN COMMERCE 6-30-1966.

FOR: [PERIODICALS; TRAVEL MAPS; TRAVEL GUIDES], IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 4-0-1966; IN COMMERCE 4-0-1966.

SER. NO. 73-038,984, FILED 12-9-1974.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 10, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 16

Prior U.S. Cl.: 38

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 1,020,511
Registered Sep. 16, 1975
Renewal Term Begins Sep. 16, 1995

## TRADEMARK
## PRINCIPAL REGISTER

## MOBIL

MOBIL OIL CORPORATION (NEW YORK CORPORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 22037

FOR: TRAVEL GUIDES, TRAVEL MAPS AND PERIODICALS—NAMELY,

HOUSE ORGANS ISSUED QUARTERLY AND MONTHLY, IN CLASS 16 (U.S. CL. 38).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

SER. NO. 73-033,204. FILED 9-27-1974.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 17, 1995.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,046,513

Registered Aug. 17, 1976

Renewal Term Begins Aug. 17, 1996

## SERVICE MARK
## PRINCIPAL REGISTER

## MOBIL

MOBIL OIL CORPORATION (NEW YORK CORPORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 22037

OWNER OF U.S. REG. NOS. 337,002, 1,015,027 AND OTHERS.

FOR: AUTOMOTIVE SERVICE STATION SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 6-15-1934; IN COMMERCE 6-15-1934.

SER. NO. 73-068,179, FILED 11-6-1975

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 5, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,049,824

Registered Oct. 5, 1976

Renewal Term Begins Oct. 5, 1996

## SERVICE MARK
## PRINCIPAL REGISTER



MOBIL OIL CORPORATION (NEW YORK CORPORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 22037

OWNER OF U.S. REG. NOS. 337,002, 1,015,027 AND OTHERS.

THE DRAWING IS LINED FOR THE COLORS RED AND BLUE.

FOR: AUTOMOTIVE SERVICE STATION SERVICES INCLUDING CAR WASH SERVICES AND EMERGENCY ROAD SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 6-30-1966; IN COMMERCE 6-30-1966.

SER. NO. 73-070,138, FILED 11-25-1975.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 31, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 4

Prior U.S. Cl.: 15

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 1,053,493

Registered Nov. 30, 1976

Renewal Term Begins Nov. 30, 1996

## TRADEMARK
## PRINCIPAL REGISTER





MOBIL OIL CORPORATION (NEW YORK CORPORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 20037

OWNER OF U.S. REG. NO. 1,015,027 AND OTHERS.

THE DRAWING IS LINED FOR THE COLORS RED AND BLUE.

FOR: SYNTHESIZED ENGINE LUBRICANT, IN CLASS 4 (U.S. CL. 15).

FIRST USE 8–21–1975; IN COMMERCE 8–21–1975

SER. NO. 73–069,303, FILED 11–17–1975.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Feb. 18, 1997.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 16

Prior U.S. Cl.: 38

## United States Patent and Trademark Office

**Reg. No. 1,491,099**
Registered June 7, 1988

## TRADEMARK
### PRINCIPAL REGISTER

## MOBIL TRAVEL GUIDE

MOBIL OIL CORPORATION (NEW YORK COR-
PORATION)
150 EAST 42ND STREET
NEW YORK, NY 10017

FOR: ANNUALLY PUBLISHED BOOKS CON-
TAINING QUALITY RATINGS OF LODGINGS
AND RESTAURANTS, IN CLASS 16 (U.S. CL.
38).

FIRST USE 0-0-1966, FIRST USED IN AN-
OTHER FORM ON 1960; IN COMMERCE
0-0-1966, FIRST USED IN COMMERCE IN AN-
OTHER FORM ON 1960.

OWNER OF U.S. REG. NOS. 997,306, 1,366,050
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "TRAVEL GUIDE", APART
FROM THE MARK AS SHOWN.

SER. NO. 678,520, FILED 8-14-1987.

MARY COYLE, EXAMINING ATTORNEY

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34, and 35

**Reg. No. 2,133,386**

## United States Patent and Trademark Office

Registered Jan. 27, 1998

### TRADEMARK
### PRINCIPAL REGISTER



MOBIL OIL CORPORATION (NEW YORK COR-
PORATION)
3225 GALLOWS ROAD
FAIRFAX, VA 22037

FOR: HIGH PERFORMANCE OIL FILTERS
FOR MOTORS AND ENGINES, IN CLASS 7
(U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 3-0-1996; IN COMMERCE
3-0-1996.

OWNER OF U.S. REG. NOS. 1,461,345,
1,551,312, AND OTHERS.

THE DRAWING IS LINED FOR THE
COLORS RED AND BLUE WHICH IS A FEA-
TURE OF THE MARK.

SN 75-158,652, FILED 8-30-1996.

CINDI GREENBAUM, EXAMINING ATTOR-
NEY

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) **PLAINTIFF** | **DEFENDANT** |
|---|---|
| ExxonMobil Oil Corporation | Hyundai Mobis, Co., Ltd.; Mobis America, Inc.; Mobis Parts America, LLC; Mobis Parts Detroit, LLC; and Mobis Alabama, LLC |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ ( IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME. ADDRESS. AND TELEPHONE NUMBER) William J. Wade Gregory E. Stuhlman Richards, Layton & Finger One Rodney Square - P O Box 551 Wilmington, DE 19899 (302) 658-6541 | ATTORNEYS (IF KNOWN) |

**II.  BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question (U S Government Not a Party)

☐ 2   U S Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX
(For Diversity Cases Only)FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5☐ | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN**      (PLACE AN X IN ONE BOX ONLY)

☒1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 50   Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐7   Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110  Insurance ☐ 120  Marine ☐ 130  Miller Act ☐ 140  Negotiable Instrument ☐ 150  Recovery of Overpayment & Enforcement of Judgment ☐ 151  Medicare Act ☐ 152  Recovery of Defaulted Student Loans (excl Veterans) ☐ 153  Recovery of Overpayment of Veteran's Benefits ☐ 160  Stockholder's Suits ☐ 190  Other Contract ☐ 195  Contract Product Liability | **PERSONAL INJURY** ☐ 310  Airplane ☐ 315  Airplane Product Liability ☐ 320  Assault, Libel & Slander ☐ 330  Federal Employers' Liability ☐ 340  Marine ☐ 345  Marine Product Liability ☐ 350  Motor Vehicle ☐ 355  Motor Vehicle Product Liability ☐ 360  Other Personal Injury | **PERSONAL INJURY** ☐ 362  Personal Injury - Med. Malpractice ☐ 365  Personal Injury - Product Liability ☐ 368  Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370  Other Fraud ☐ 371  Truth in Lending ☐ 380  Other Personal Property Damage ☐ 385  Property Damage Product Liability | ☐ 610  Agriculture ☐ 620  Other Food & Drug ☐ 625  Drug Related Seizure of Property 21 USC 881 ☐ 630  Liquor Laws ☐ 640  R.R. & Truck ☐ 650  Airline Regs. ☐ 660  Occupational Safety/Health ☐ 690  Other | ☐ 422  Appeal 28 USC 158 ☐ 423  Withdrawal 28 USC 157 |
| **REAL PROPERTY** ☐ 210  Land Condemnation ☐ 220  Foreclosure ☐ 230  Rent Lease & Eject ☐ 240  Torts to Land ☐ 245  Tort Product Liability ☐ 290  All Other Real Property | **CIVIL RIGHTS** ☐ 441  Voting ☐ 442  Employment ☐ 443  Housing/ Accommodations ☐ 444  Welfare ☐ 440  Other Civil Rights | **PRISONER PETITIONS** ☐ 510  Motions to Vacate Sentence Habeas Corpus: ☐ 530  General ☐ 535  Death Penalty ☐ 540  Mandamus & Other ☐ 550  Civil Rights ☐ 555  Prison Condition | **LABOR** ☐ 710  Fair Labor Standards Act ☐ 720  Labor/Mgmt. Relations ☐ 730  Labor/Mgmt. Reporting & Disclosure Act ☐ 740  Railway Labor Act ☐ 790  Other Labor Litigation ☐ 791  Empl. Ret. Inc. Security Act | |

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830  Patent
☒ 840  Trademark

**SOCIAL SECURITY**
☐ 861  HIA (1395ff)
☐ 862  Black Lung (923)
☐ 863  DIWC/DIWW (405(g))
☐ 864  SSID Title XVI
☐ 865  RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870  Taxes (U.S. Plaintiff or Defendant)
☐ 871  IRS - Third Party 26 USC 7609

☐ 400  State Reappointment
☐ 410  Antitrust
☐ 430  Banks and Banking
☐ 450  Commerce/ICC Rates/etc.
☐ 460  Deportation
☐ 470  Racketeer Influenced and Corrupt Organizations
☐ 810  Selective Service
☐ 850  Securities/Commodities/ Exchange
☐ 875  Customer Challenge 12 USC 3410
☐ 891  Agricultural Acts
☐ 892  Economic Stabilization Act
☐ 893  Environmental Matters
☐ 894  Energy Allocation Act
☐ 895  Freedom of Information Act
☐ 900  Appeal of Fee Determination Under Equal Access to Justice
☐ 950  Constitutionality of State Statutes
☐ 890  Other Statutory Actions

**VI.    CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE  DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIV

Trademark infringement under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq.

**VII.   REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A    **CLASS ACTION**  ☐ Under F.R.C.P. 23    **DEMAND $** ___   CHECK YES only if demanded in complaint:   **JURY DEMAND:** __YES  _X_ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY           Judge _____        Docket Number _____

DATE  SIGNATURE OF ATTORNEY OF RECORD

March 28, 2007      _William J. Wade_ (signature)

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG JUDGE ___

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

RLF1-3131132-1

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence** For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved)

**(c) Attorneys** Enter firm name. address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F R C P , which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff  (1) Jurisdiction is based on 28 U S C 1345 and 1348 Suits by agencies and officers of the United States are included here

United States defendant  (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box

Federal question  (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution. an act of Congress or a treaty of the United States. In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship  (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive

**VI. Origin.** Place an "X" in one of the seven boxes

Original Proceedings  (1) Cases which originate in the United States district courts

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C . Section 1441 When the petition for removal is granted, check this box

Remanded from Appellate Court  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date

Reinstated or Reopened  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date

Transferred from Another District  (5) For cases transferred under Title 28 U S C Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision

**VII. Requested in Complaint.** Class Action Place an "X" in this box if you are filing a class action under Rule 23. F R C P

Demand  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand   Check the appropriate box to indicate whether or not a jury is being demanded

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet
(rev 07/89)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 1 7 7**

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____6_____ COPIES OF AO FORM 85.

MAR 2 8 2007                          *Nicholas Matos*
(Date forms issued)              (Signature of Party or their Representative)

                                 Nicholas Matos
                          (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action