IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-177-GMS |
| | ) | |
| HYUNDAI MOBIS, CO., LTD., MOBIS | ) | |
| AMERICA, INC., MOBIS PARTS AMERICA, | ) | |
| LLC, MOBIS PARTS DETROIT, LLC, | ) | |
| and MOBIS ALABAMA, LCC, | ) | |
| | ) | |
| Defendants, | ) | |

## ANSWER

Defendants – Hyundai Mobis, Co., Ltd., Mobis America, Inc., Mobis Parts America, LLC, Mobis Parts Detroit, LLC, and Mobis Alabama, LLC – submit the following in response to the Complaint:

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis deny the allegations of paragraph 1 of the Complaint.

2.    Defendants admit that Hyundai Mobis, Co. Ltd. is a Korean corporation with a business address of 679-4 ING Bldg., Yeoksam1-dong, Gangnam-gu, Seoul, 135-977, Korea.

3.    Defendants admit that Mobis America, Inc. is a Delaware corporation with a business address of 1395 Mitchell Young Rd., Montgomery, AL 36108.

4.    Defendants admit that Mobis Parts America, LLC is a Delaware company with a business address of 10805 NW 100th St., Suite 11, Miami, FL 33178.

5.    Defendants admit that Mobis Parts Detroit, LLC is a Delaware company with a business address of 23255 Commerce Dr., Farmington Hills, MI 48335.

6.    Defendants admit that Mobis Alabama, LLC is a Delaware company with a business address of 1395 Mitchell Young Rd., Montgomery, AL 36108.

7.    Defendants admit that Mobis America, Inc., Mobis Parts America, LLC, Mobis Parts Detroit, LLC, and Mobis Alabama, LLC are organized under the laws of the State of Delaware. Defendants further state that Hyundai Mobis, Co. Ltd. owns Mobis America, Inc. Mobis America, Inc. owns Mobis Parts America, LLC, Mobis Parts Detroit, LLC, and Mobis Alabama, LLC. Except as expressly admitted, Defendants deny the remaining allegations, if any, in paragraph 7.

8.    Defendants admit that Plaintiff has attempted to state a cause of action for trademark infringement, unfair competition, trademark dilution, false advertising, and other relief under the trademark laws of the United States and the laws of Delaware. Defendants, however, deny that Plaintiff is entitled to any of the relief requested in the Complaint.

9.    Defendants make no answer to the allegations in paragraph 9 to the extent that those allegations state legal conclusions rather than facts. To the extent that an answer is required, Defendants deny the allegations in paragraph 9.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and on that basis deny the allegations of paragraph 10 of the Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and on that basis deny the allegations of paragraph 11 of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint, and on that basis deny the allegations of paragraph 12 of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, and on that basis deny the allegations of paragraph 13 of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and on that basis deny the allegations of paragraph 14 of the Complaint.

15.     Denied.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and on that basis deny the allegations of paragraph 16 of the Complaint.

17.     Defendants state that the following US trademark registrations speak for themselves: 337,002; 363,312; 1,015,027; 1,020,511; 1,046,513; 1,049,824; 1,053,493; 1,491,099; 2,133,386.  Except as expressly admitted, Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and on that basis deny the allegations of paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and on that basis deny the allegations of paragraph 19 of the Complaint.

20.    Denied.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and on that basis deny the allegations of paragraph 21 of the Complaint.

22.    Denied.

23.    Defendants state that the companies identified as "Mobis" in the Complaint are engaged to a degree in business activities relating to—among other things—automobile parts, modules, and assemblies.   Except as so admitted, Defendants deny the allegations of paragraph 23.

24.    Defendants state that Registration Number 2,698,373 speaks for itself. Defendants state that the pleadings in Cancellation Number 92/046,493 speak for themselves. Except as so admitted, Defendants deny the allegations of paragraph 24.

25.    Defendants state that Application Serial Number 76/563,034 speaks for itself. Defendants state that Opposition Number 91/173,265 speaks for itself.  Except as so admitted, Defendants deny the allegations of paragraph 25.

26.    Defendants admit that one form of a MOBIS design includes a red character in the place of the letter O.  Defendants deny that they are the owners or operators of the mobisusa.com domain name.  Defendants admit that the owner of the domain name is a branch office of Mobis Parts America, LLC.  Except as expressly admitted, Defendants deny any allegations in paragraph 26.

27.    Defendants admit that the picture shown in paragraph 27 appears to be a representation of the materials submitted to the USPTO in connection with Registration Number 2,698,373.  Except as expressly admitted, Defendants deny any allegations in paragraph 27.

28.    Denied.

29.    Defendants admit that ExxonMobil Oil Corporation has not provided express, written authorization to use a mark containing MOBIL.  Except as expressly admitted, Defendants deny any allegations in paragraph 29.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

### COUNT I: INFRINGEMENT OF REGISTERED MARKS

40.    Defendants restate and allege their responses to Plaintiff's allegations above as if set forth fully herein.

41.    Denied.

### COUNT II: FEDERAL TRADEMARK DILUTION

42.    Defendants restate and allege their responses to Plaintiff's allegations above as if set forth fully herein.

43.    Denied.

44.    Denied.

### COUNT III: VIOLATION OF LANHAM ACT SECTION 43(a)

45.    Defendants restate and allege their responses to Plaintiff above as if set forth fully herein.

46.    Denied.

### COUNT IV: UNJUST ENRICHMENT

47.    Defendants restate and allege their responses to Plaintiff above as if set forth fully herein.

48.    Denied.

### COUNT V: TRADEMARK DILUTION UNDER DELAWARE LAW

49.    Defendants restate and allege their responses to Plaintiff above as if set forth fully herein.

50.    Denied.

### COUNT VI: UNFAIR COMPETITION UNDER DELAWARE COMMON LAW

51.    Defendants restate and allege their responses to Plaintiff above as if set forth fully herein.

52.    Denied.

### COUNT VII: CANCELLATION OF FEDERAL TRADEMARK REGISTRATION AND REFUSAL OF APPLICATION FOR REGISTRATION

53.    Defendants restate and allege their responses to Plaintiff above as if set forth fully herein.

54.    Defendants state that the cited code sections speak for themselves and do not require a response from Defendants.  To the extent that an answer is required, Defendants deny

that cancellation or opposition to registration of the marks is appropriate under the facts and circumstances in this matter.

     55.     Denied.

     56.     Denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense: Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense: For further answer and as an affirmative defense, the designation designs and/or business practices used by Plaintiff that claim to be trademarks, service marks, or other intellectual property fail to function as an identification of source and, therefore, cannot be protected under the Lanham Act or state law.

Third Affirmative Defense: For further answer and as an affirmative defense, the designation designs and/or business practices used by Plaintiff that claim to be trademarks, service marks, and/or other intellectual property are not inherently distinctive and have not acquired secondary meaning and, therefore, cannot be protected under the Lanham Act or state law.

Fourth Affirmative Defense: For further answer and as an affirmative defense, there is no likelihood of confusion or dilution between Plaintiff's purported trademarks, service marks, and/or trade dress and any trademark, service marks, or designation used in connection with any products or services of Defendants.

Fifth Affirmative Defense: For further answer and as an affirmative defense, Plaintiff's claims as alleged herein are barred by laches, waiver, acquiescence, unclean hands, estoppel,

and/or other acts in the procurement, enforcement, use, misuse, or maintenance of any
intellectual property.

Sixth Affirmative Defense:  For further answer and as an affirmative defense, Defendants
state that this Court lacks personal jurisdiction over the Defendants and the venue is improper.

Seventh Affirmative Defense:  For further answer and as an affirmative defense,
Plaintiff's state law claims fail because Plaintiff has not alleged any action by Defendants or
alleged injury to Plaintiff that occurred in the State of Delaware.

Eighth Affirmative Defense:  For further answer and affirmative defense, Plaintiff's
claims are barred, in whole or in part, by the applicable and relevant statute of limitations for
such claims.

Ninth Affirmative Defense:  For further answer and as an affirmative defense, Plaintiff's
claims for state or federal dilution are barred by operation of law under the Lanham Act.

WHEREFORE, Defendants Hyundai Mobis, Co., Ltd., Mobis America, Inc., Mobis Parts
America, LLC, Mobis Parts Detroit, LLC, and Mobis Alabama, LLC respectfully pray

a)    for an Order of this Court dismissing Plaintiff's Complaint with prejudice;

b)    that this Court enter judgment in favor of Defendants Hyundai Mobis, Co., Ltd.,
      Mobis America, Inc., Mobis Parts America, LLC, Mobis Parts Detroit, LLC, and
      Mobis Alabama, LLC against Plaintiff for each count in the Complaint;

c)    that the declarations and relief requested by Plaintiff be denied;

d)    that Defendants be awarded their costs and reasonable attorneys' fees in the
      defense of this action;

e)    that the Court determine that Hyundai Mobis is entitled to registration of its mark
      MOBIS;

f)      and for such other relief as this Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com
    Attorneys for Defendants

OF COUNSEL

Michelle Alvey
Anthony Martin
BLACKWELL SANDERS LLP
720 Olive Street, 24th Floor
St. Louis, MO 63101
(314) 345-6000

Dated:  September 19, 2007

## CERTIFICATE OF SERVICE

I, Chad S.C. Stover, hereby certify that on September 19, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Wade
> Gregory E. Stuhlman
> Anne Shea Gaza
> RICHARDS, LAYTON & FINGER, P.A.
> One Rodney Square
> Wilmington, DE 19801

I further certify that on September 19, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Louis T. Pirkey
> William G. Barber
> Stephen P. Meleen
> PIRKEY BARBER LLP
> 600 Congress Avenue, Suite 2120
> Austin, TX 79701

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> ___*/s/ Chad S.C. Stover*_____
> John W. Shaw (No. 3362)
> Chad S.C. Stover (No. 4919)
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> cstover@ycst.com
>
> Attorneys for Defendants